THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
 239(d)(2), SCACR.
THE
 STATE OF SOUTH CAROLINA
In
 The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Daron Morgan, Appellant.
 
 
 

Appeal
 From Beaufort County
Howard
 P. King, Circuit Court Judge
Unpublished
 Opinion No. 2007-UP-396
Submitted
 September 1, 2007  Filed September 25, 2007

AFFIRMED

 
 
 
 Chief
 Attorney Joseph L. Savitz, III, of Columbia, for Appellant.  
 Attorney
 General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh,
 Assistant Deputy Attorney General Salley W. Elliott, and Special Assistant
 Attorney General Amie L. Clifford, all of Columbia; and Solicitor Isaac
 McDuffie Stone, III, of Hampton, for Respondent.
 
 
 

PER
 CURIAM:  Daron Morgan appeals the trial courts denial of his motion for
 mistrial.  We affirm.[1]
FACTS
Morgan was
 convicted of the common law offense of escape.  Testimony at trial revealed
 that police officers received a call regarding a possible burglary at a
 residence.  Police proceeded to the scene where they found the back door of the
 residence partially open.  After announcing themselves and receiving no
 response, the officers entered the residence.  Inside, they discovered Morgan
 and another man sleeping and a substance that appeared to be marijuana in a
 nearby bowl.  The two were placed under arrest, but as they were leaving the
 scene, the arresting officer was distracted by a disturbance, and Morgan
 snatched away and ran.  
Later, Morgan
 was arrested by a different officer, Jeff Purdy, at a nearby home.  He was
 found hiding under the kitchen sink.  When apprehended, Morgan indicated the
 police would never find the missing handcuffs.  
At trial, Morgan
 made a motion in limine seeking to suppress the introduction of any evidence
 related to his subsequent arrest after his escape. He argued that the
 circumstances of that arrest and any statements he made were irrelevant and prejudicial.
  The trial court granted Morgans request in part.  

 [W]ith regard to
 the circumstances surrounding the arrest, I think it is [of] very questionable
 relevance.  But even if relevant . . . the prejudicial effect outweighs the
 probative value and so I would not permit the testimony surrounding the
 circumstances of his arrest other than to say that he was later located on such
 and such a day at such and such a location and placed under arrest for escape. 
 That would be the extent of the testimony that would be allowed there, not with
 regard to all the other circumstances. 

On direct
 examination, Officer Purdy testified that Morgan was discovered hiding under
 the kitchen sink.  Defense counsel moved for a mistrial, but the trial court
 denied the motion reasoning that the literal interpretation of its ruling was
 followed although the spirit of the ruling was violated.  The trial court gave
 a curative instruction telling the jury to disregard any testimony concerning
 Morgan hiding under the sink.  
STANDARD OF
 REVIEW
The decision to grant
 or deny a motion for mistrial is in the sound discretion of the trial judge.  State
 v. Beckham, 334 S.C. 302, 310, 513 S.E.2d 606, 610 (1999).  That decision
 will not be disturbed on appeal absent an abuse of discretion.  Id. 
 
LAW/ANALYSIS
Morgan
 argues the trial court erred in denying his motion for mistrial.  He contends
 the solicitors intention to obey or disobey the courts ruling is irrelevant. 
 Instead, the prejudice to the defendant is the paramount consideration.  We
 agree, but conclude that there was no prejudice to Morgan.
The motion in
 limine pointed to several things the defense wanted to exclude from testimony. 
 The trial courts ruling restricted admission of the circumstances
 surrounding Morgans second arrest, but approved testimony regarding the date
 and location of his arrest.  Both the motion in limine and the trial courts
 ruling are somewhat ambiguous and subject to misinterpretation.  The trial
 court recognized as much in acknowledging that Officer Purdys testimony was
 technically proper because it was limited to the location.  Notably, Officer
 Purdy did not testify regarding any statements made by Morgan upon his
 apprehension.
After
 denying Morgans motion for mistrial, the court offered a curative instruction
 telling the jury to disregard any testimony that the defendant was found,
 quote, hiding under the sink.  That issue is not relevant to any issue in this
 case and I instruct you to disregard and dismiss that from your mind, as I am
 striking that testimony from the testimony in this case.  Generally, a trial
 judges curative instruction is deemed to cure any error.  State v. Simmons,
 352 S.C. 342, 354, 573 S.E.2d 856, 863 (Ct. App. 2002).  We see no special
 circumstances in this case whereby the curative instruction was not effective
 to remove any taint Officer Purdys testimony may have caused.
Based on
 the foregoing, we cannot conclude the trial court abused its discretion in
 denying Morgans motion for mistrial.  Therefore the ruling of the trial court
 is
AFFIRMED.
STILWELL,
 SHORT, and WILLIAMS, JJ., concur.

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.